United States District Court
Middle District of Florida
Jacksonville Division

**WILLIAM STUART MCCLEAN,**

***Plaintiff,***

**v.** **NO. 3:25-cv-1412-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

***Defendant.***

---

# Order

The court reversed the Commissioner of Social Security's decision denying William McClean's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 15, 16. McClean requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $3,462.59 as an attorney's fee and $405.00 in costs. Doc. 18. The Commissioner has no opposition. Doc. 18 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested a fee, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. Doc. 15 (order of remand entered on April 30, 2026); Doc. 16 (judgment entered on May 4, 2026); Doc. 18 (motion filed on July 29, 2026); Doc. 18 at 2 (statement concerning net worth when the action began). The Commissioner does not contest the fourth condition. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the fee, the applicant must show that the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). The fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Clerical work is usually subsumed in the rate a lawyer already charges. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). If work is "purely

clerical or secretarial," it should not be billed at attorney rates, even if an attorney performs the work. *Id.* at 288 n.10. Tasks like filing or e-filing are considered clerical and are not compensable as an attorney's fee under the EAJA. *See, e.g.*, *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000).

Here, the fee request is based on 1.6 hours of work in 2025 and 11.6 hours of work in 2026 by McClean's lawyers, Richard Culbertson and Sarah Jacobs. Doc. 18 at 2, 11–12. For work completed in 2025, McClean requests an hourly rate of $258.46. Doc. 18 at 2. For work completed in 2026, he requests an hourly rate of $262.85. Doc. 18 at 2. The hours multiplied by the rates equals $3,462.59 (rounding down at the nearest hundredth, as McClean does, Doc. 18 at 2).

The requested rates are reasonable. Based on the court's own knowledge and familiarity with the lawyers, the rates are within prevailing market rates for services provided by lawyers with reasonably comparable skills, experience, and reputation to Culbertson and Jacobs. The increase in the cost of living from March 1996 to the time the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited Aug. 10, 2026).

McClean includes in his request compensation for .1 hours of work in November 2025 to "File[] Disclosure Statement/Notice of Pendency." Doc. 18 at 12. He fails to satisfy his burden of showing that this work is legal, rather than clerical. Fees for this work ($25.85) are unwarranted. No remaining time appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 18 at 11–12.

The court leaves to the Commissioner's discretion whether to accept McClean's assignment of EAJA fees, *see* Doc. 18 at 2; Doc. 18-1, after determining whether McClean owes a federal debt.

McClean requests $405.00 for the filing fee. Doc. 18 at 1, 10. Costs for items in 28 U.S.C. § 1920 can be awarded to the prevailing party under the EAJA. 28 U.S.C. § 2412(a). Items in § 1920 include "[f]ees of the clerk and marshal." *Id.* § 1920(1). Awarding $405.00 for costs is warranted as a fee of the clerk paid by McClean. *See* docket entry accompanying the complaint, Doc. 1.

The court **grants in part and denies in part** the motion, Doc. 18; **awards** McClean $3,436.74 as an attorney's fee and $405.00 in taxable costs; and **directs** the clerk to enter judgment in favor of William McClean and against the Commissioner of Social Security for $3,436.74 as an attorney's fee and $405.00 in taxable costs.

**Ordered** in Jacksonville, Florida, on August 10, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*